# EXHIBIT  1

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | |
|---|---|
| In re BHP BILLITON LIMITED SECURITIES LITIGATION, | ) |
| _Plaintiff_ | ) |
| v. | ) |
| | ) |
| | ) |
| _Defendant_ | ) |

Civil Action No.    1:16-cv-01445-NRB

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:           Marcus Philip Randolph
              160 Brownell Howland Road, Santa Fe, NM  87501
              _(Name of person to whom this subpoena is directed)_

☑ _Testimony:_ **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

Please see attached Schedule A.

| Place: Freedman Boyd Hollander Goldberg Urias & Ward PA | Date and Time: |
|---|---|
| 20 First Plaza, Suite 700 Albuquerque, NM 87102,   505-842-9960 | 02/26/2018 9:30 am |

The deposition will be recorded by this method:   Stenographically and by videotape.

☑ _Production:_ ~~You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:~~
          The following documents must also be produced by December 15, 2017 at the above address, or
          otherwise as counsel agrees.  Please see attached Schedule B.

          The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance;
Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to
respond to this subpoena and the potential consequences of not doing so.

Date:      10/31/2017

          _CLERK OF COURT_
                                                                OR      _____
          _____                                    _Attorney's signature_
          _Signature of Clerk or Deputy Clerk_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ Plaintiffs City of
Birmingham Ret. and Relief System, City of Birmingham Firemen's & Policemen's Supp.
Pension System, and James A. Crumpley                              , who issues or requests this subpoena, are:

Alan I. Ellman, Robbins Geller Rudman & Dowd LLP, 58 South Service Road, Suite 200, Melville, NY  11747, Phone: 631-367-7100, Fax: 631-367-1173,
e-mail: aellman@rgrdlaw.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice
and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is
directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   1:16-cv-01445-NRB

### PROOF OF SERVICE
#### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) For Other Discovery.** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) Command to Produce Materials or Permit Inspection.**
    **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) Quashing or Modifying a Subpoena.**

    **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
    **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) Claiming Privilege or Protection.**
    **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A – TOPICS OF TESTIMONY
### (Marcus Philip Randolph)

## I.    INSTRUCTIONS

1.    The meaning of all defined terms is set forth in the section entitled "Definitions."

2.    You are hereby requested to testify concerning the topics listed below.  For the purpose of interpreting or construing the topics, the terms used to describe the topics shall be given their most expansive and inclusive interpretation.  This includes, without limitation, the following:

(a)    construing the terms "and" and "or" in the disjunctive or conjunctive as necessary to make the topic more inclusive;

(b)    construing the terms "all," "any" and "each" to include any and all;

(c)    construing the singular form of a word to include the plural and the plural form to include the singular;

(d)    construing the term "concerning" to include any connection whatsoever, direct or indirect, with the specified object of the topic;

(e)    construing the term "including" to include the phrase "but not limited to"; and

(f)    construing all verbs in the tense necessary to make the topic more inclusive and bring within its scope information that might otherwise be construed as outside of its scope.

3.    Plaintiffs reserve the right to amend or supplement the topics described herein on reasonable notice and/or as soon as practicable.

## II.    DEFINITIONS

A.    "You," "your" or similar terms means Marcus Philip Randolph.

B.    "BHP" means defendants BHP Billiton Limited and BHP Billiton Plc, together with any of their corporate agents or representatives, including its employees.

C.    "BHP Brasil" means BHP Billiton Brasil Limitada, together with any of its corporate agents or representatives, including its employees.

1

D.      "Board" means BHP's Board of Directors, including each member thereof, as well as each of its authorized or duly constituted committees and/or subcommittees.

E.      "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), whether written or recorded in any manner, and is included within the scope of the term documents (as that term is defined below).

F.      "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A), and includes, without limitation, drafts or non-identical copies and communications (defined above).

G.      "Group Management Committee" means the BHP Group Management Committee, as well as each of its committees and/or subcommittees.

H.      "P4P Project" means the project implemented at Samarco for the purpose of installing a fourth iron ore pellet processing plant to increase Samarco's iron ore production.

I.      "Pristino Report" means the report prepared in or about October 2013 by the Instituto Pristino in connection with the process associated with Samarco's request to renew its mine license.

J.      "Samarco" means Samarco Mineração, S.A., together with any of its corporate agents or representatives, including its employees.

K.      "Samarco Board" means the Board of Directors of Samarco, including its individual members and its authorized or duly constituted committees and/or subcommittees.

L.      "Samarco Offering" means the offering that Samarco conducted in or about 2012 of $1 billion of 4.125% notes due 2022.

M.      "Vale" means Vale S.A., together with any of its corporate agents or representatives, including its employees.

### III.   RELEVANT TIME PERIOD

Unless otherwise indicated or evident from the description of a topic, the time period relevant to each topic is January 1, 2009 to the present (the "Relevant Period"). The Relevant Period covers information concerning events and circumstances during such period, even if generated before or after that period. If the origin of information is unknown or indeterminable, such information should be disclosed if it is otherwise responsive to a topic.

### IV.   DEPOSITION TOPICS

TOPIC NO. 1:

Your educational and employment history and background, including your involvement in the operations of BHP, BHP Brasil and Samarco, your tenure on the Group Management Committee and the Samarco Board, and the circumstances under which your involvement/employment ceased.

TOPIC NO. 2:

The information you learned about Samarco during your tenure on the Group Management Committee and the Samarco Board, as well as information you shared with the Group Management Committee; employees, consultants and other representatives of BHP; and Vale.

TOPIC NO. 3:

Meetings of the Group Management Committee and Samarco Board concerning Samarco; its tailings disposal policies, practices and dams, including the Fundão dam; and the Samarco Offering.

TOPIC NO. 4:

The status, condition and operation of Samarco's tailings dams, as well as any complaints, structural defects or other problems, and risks associated with such dams, including the Fundão dam.

TOPIC NO. 5:

The agreement pursuant to which Vale used Samarco's tailings dams, including the Fundão dam, to deposit tailings generated by its Alegria mine or otherwise.

TOPIC NO. 6:

The planning and implementation of the P4P Project, including the means by which the P4P Project was funded or financed, partially or fully.

TOPIC NO. 7:

Any effort to design, adopt or implement an emergency action plan at Samarco, including in the vicinity of, or for, the Fundão dam.

TOPIC NO. 8:

Any potential or actual plan to purchase, relocate or resettle the communities near Samarco's tailings dams, including, but not limited to, the purpose of such plan and why it was not executed.

TOPIC NO. 9:

The Pristino Report, as well as any consideration of the issues raised in the Pristino Report by BHP, BHP Brasil, Samarco or Vale and any efforts to address those issues.

TOPIC NO. 10:

Any investigation, inquiry or evaluation concerning Samarco, including of the composition and toxicity of the tailings generated by Samarco and the toxicity and turbidity of the Rio Doce.

TOPIC NO. 11:

Any investigation or proceeding involving potential, charged or actual misconduct associated with Samarco's operations, including any criminal charges against you in proceedings in Brazil.

TOPIC NO. 12:

Communications, including via electronic mail and smartphone messages, concerning the collapse of the Fundão dam.

TOPIC NO. 13:

Your efforts to preserve or locate responsive documents and communications.

**SCHEDULE B – DOCUMENTS REQUESTED**
**(Marcus Philip Randolph)**

## I.     INSTRUCTIONS

1.     The meaning of all defined terms is set forth in the section entitled "Definitions."

2.     You are instructed to produce all documents in your possession, custody or control, or in the possession, custody or control of your agents, employees, attorneys, accountants or other representatives.  A document is within your control if you have any degree of ownership, possession, custody or control of the document or a copy thereof, or the right or practical ability to obtain the document or a copy thereof.

3.     Plaintiffs reserve the right to request inspection of the original documents, including those stored electronically, as they are kept in the usual course of business.

4.     For the purpose of interpreting or construing the scope of the requests, the terms used herein shall be given their most expansive and inclusive interpretation, unless otherwise specifically limited in a particular request.  This includes, without limitation, the following:

(a)     construing the terms "and" and "or" in the disjunctive or conjunctive as necessary to make the request more inclusive;

(b)     construing the terms "all," "any" and "each" to include any and all;

(c)     construing the singular form of a word to include the plural and the plural form to include the singular;

(d)     construing the term "concerning" to include any connection whatsoever, direct or indirect, with the specified object of the request;

(e)     construing the term "including" to include the phrase "but not limited to"; and

(f)     construing all verbs in the tense necessary to make the request more inclusive and bring within its scope documents that might otherwise be construed as outside of its scope.

1

5.      If any document requested has been lost, discarded or destroyed or is otherwise no longer in existence, it should be identified as completely as possible, and such description should include, without limitation, the following information: date of disposal; manner of disposal; reason for disposal; subject matter, preparer, addressor and addressee; person(s) authorizing the disposal; and person(s) who disposed of the document.

6.      If you claim any document requested is not in your possession, custody or control, then you are directed to identify: (a) the nature of the document; (b) the name, address and telephone number of any person who has or may have possession, custody or control of the requested item; and (c) whether and how you presently have access to the document and can obtain a duplicate of it.

7.      If you withhold any documents on the basis of any purported privilege or protection, you should identify each such document in writing and disclose: (a) the document's date, author(s) and actual and intended recipient(s); (b) the person asserting the privilege or protection; and (c) a reasonably particularized description of the document's contents that reveals the basis on which you claim such privilege or protection.

8.      If a portion of any document responsive to these requests is withheld under a claim of privilege or protection, the non-privileged or unprotected portion of the document must be produced.

9.      Whenever a document is not produced in full or is produced in redacted form, so indicate on the document, and state with particularity, why it is not produced in full and identify those portions of the document that are not produced.

10.     The production of documents from files or other sources shall be performed in such a manner as to ensure that the source from which the document is obtained may be identified, and documents attached to other documents or materials shall not be separated unless sufficient records are kept to permit reconstruction of the grouping.

## II.     DEFINITIONS

A.     "You," "your" or similar terms means Marcus Philip Randolph.

B.     "BHP" means defendants BHP Billiton Limited and BHP Billiton Plc, together with any of their corporate agents or representatives, including its employees.

C.     "BHP Brasil" means BHP Billiton Brasil Limitada, together with any of its corporate agents or representatives, including its employees.

D.     "Board" means BHP's Board of Directors, including each member thereof, as well as each of its authorized or duly constituted committees and/or subcommittees.

E.     "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), whether written or recorded in any manner, and is included within the scope of the term documents (as that term is defined below).

F.     "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A), and includes, without limitation, drafts or non-identical copies and communications (defined above).

G.     "Group Management Committee" means the BHP Group Management Committee, as well as each of its committees and/or subcommittees.

H.     "P4P Project" means the project implemented at Samarco for the purpose of installing a fourth iron ore pellet processing plant to increase Samarco's iron ore production.

I.     "Pristino Report" means the report prepared in or about October 2013 by the Instituto Pristino in connection with the process associated with Samarco's request to renew its mine license.

J.     "Samarco" means Samarco Mineração, S.A., together with any of its corporate agents or representatives, including its employees.

K.     "Samarco Board" means the Board of Directors of Samarco, including its individual members and its authorized or duly constituted committees and/or subcommittees.

3

L.      "Samarco Offering" means the offering that Samarco conducted in or about 2012 of $1 billion of 4.125% notes due 2022.

M.      "Vale" means Vale S.A., together with any of its corporate agents or representatives, including its employees.

## III.    FORM OF PRODUCTION

Scanned documents and electronically-stored information, except spreadsheets and database-type files (such as Microsoft Excel or Access files), should be produced as single-page tiff images with an .opt image cross reference file and a delimited database load file; documents shall be logically unitized; and multi-page OCR text and metadata for each document should be provided. Spreadsheets and audit database-type files should be produced in native format.  Native files should be linked to their corresponding record in the load file using the "NATIVELINK" field.  Messages via text, email and messaging and smartphone applications should be produced in spreadsheet form.

## IV.    RELEVANT TIME PERIOD

Unless otherwise indicated or evident from the face of a request, the time period relevant to each request is January 1, 2009 to the present (the "Relevant Period").  The Relevant Period covers documents concerning events and circumstances during such period, even if dated, prepared, created, used, or received before or after that period.  If a document is undated and the date of its preparation cannot be determined, it should be produced if it is otherwise responsive to a request.

## V.    DOCUMENT REQUESTS

REQUEST NO. 1:

All documents sufficient to show your educational and employment history and background, including your curriculum vitae or résumé.

4

REQUEST NO. 2:

All documents sufficient to show the nature and extent of your involvement in the operations of BHP, BHP Brasil and/or Samarco, including any employment or other position you held and your responsibilities, such as your tenure on the Samarco Board and any involvement in the P4P Project, the Samarco Offering, or the process associated with obtaining Samarco's mining license.

REQUEST NO. 3:

Your employment agreement, as well as any other agreement concerning your employment, including, but not limited to, any agreement governing: your remuneration, severance or resignation; the confidentiality of information obtained while employed; insurance or indemnification for any claim arising out of your employment; and your cooperation in defending against any such claim.

REQUEST NO. 4:

All documents concerning any meeting of the Board, the Group Management Committee, the Samarco Board, Samarco's management, or any committee of the foregoing, including draft and final minutes, resolutions, handouts, presentations and reports.

REQUEST NO. 5:

All documents concerning any investigation, inquiry or evaluation of Samarco, including any such investigation, inquiry or evaluation of: the Fundão dam; the Pristino Report; the composition and toxicity of tailings generated by Samarco before and after the November 2015 collapse of the Fundão dam; and the toxicity and turbidity of the Rio Doce.

REQUEST NO. 6:

All documents concerning any potential or actual plan to purchase, relocate or resettle the communities near Samarco's tailings dams, including, but not limited to, documents concerning the purpose of any such plan and the reason why such plan was not effectuated.

REQUEST NO. 7:

All documents concerning the Samarco Board's approval of plans to elevate the Fundão dam.

REQUEST NO. 8:

All documents concerning any effort to design, adopt or implement an emergency action plan at Samarco, including in the vicinity of, or for, the Fundão dam.

REQUEST NO. 9:

All documents concerning the agreement pursuant to which Vale used Samarco's tailings dams, including the Fundão dam, to deposit tailings generated by its Alegria mine or otherwise.

REQUEST NO. 10:

All documents sufficient to show the nature of your relationship with any consultant hired to perform any professional service for Samarco

REQUEST NO. 11:

All documents concerning your departure from BHP, BHP Brasil and/or Samarco, including your departure from the Group Management Committee and Samarco Board, as well as documents sufficient to show the circumstances of your departure.

REQUEST NO. 12:

All communications, including via electronic mail and text messages, with current or former employees of BHP, BHP Brasil, Samarco or Vale concerning the collapse of the Fundão dam.

REQUEST NO. 13:

All documents concerning any investigation or proceeding involving any potential, charged or actual misconduct associated with Samarco's operations, including any criminal charges asserted against you in proceedings in Brazil arising out of the November 2015 collapse of the Fundão dam and any communications with counsel for BHP, Samarco or Vale.

REQUEST NO. 14:

All communications with or concerning any regulatory or governmental agency or authority in Brazil or the U.S. concerning, or arising out of, the collapse of the Fundão dam, including any testimony or documents you provided or received.

REQUEST NO. 15:

All documents sufficient to show the nature and substance of any communications between you and Vale.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/30/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————— x
                                                    :  Civil Action No. 1:16-cv-01445-NRB
In re BHP BILLITON LIMITED                          :
SECURITIES LITIGATION                               :  CLASS ACTION
                                                    :
——————————————————————              :
                                                    :
This Document Relates To: All Actions               :
                                                    :
—————————————————————— x

## STIPULATION AND [PROPOSED] ORDER OF CONFIDENTIALITY

IT IS HEREBY STIPULATED AND AGREED, by and among the undersigned

attorneys for the parties to this action (the "Litigation"), that this Stipulation and Order of

Confidentiality (the "Order") shall govern the handling of discovery in this Litigation as further

provided herein, including, but not limited to, documents, responses to document requests,

deposition testimony, deposition exhibits, answers to interrogatories, and certain other written,

recorded or graphic matter ("Discovery Material"), where applicable, produced by or obtained

from any party or non-party from whom Discovery Material may be sought (the "Producing

Party") during this Litigation.

1.      All Discovery Material designated as "Confidential" or information derived

therefrom shall be used solely for the prosecution or defense of this Litigation, including any

appeal and retrial, or the enforcement of insurance rights with respect to this Litigation, and shall

not be used for any other purpose, including, without limitation, any business or commercial

purpose or any other litigation, except as otherwise set forth herein.

2.      In submitting Discovery Material to the Court in connection with any submissions

or filings, or in responding to a request for discovery in the Litigation, any party may designate

as "Confidential" pursuant to this Order any material or testimony and information contained

therein that it in good faith believes to contain non-public, personal, confidential, proprietary or commercially sensitive information that requires the protections provided in this Order ("Confidential Discovery Material"), such that the party believes that good cause exists for the filing and maintenance of such documents and information under seal.

3.     For purposes of this Order, Discovery Material which may be designated as "Confidential Discovery Material" includes, but is not limited to, all non-public materials containing or constituting information related to:

> (a)  personal information of a sensitive nature;
>
> (b)  proprietary information;
>
> (c)  personnel-related information;
>
> (d)  business information;
>
> (e)  information constituting or relating to trade secrets;
>
> (f)  personal and business financial information;
>
> (g)  financial or business plans and strategies;
>
> (h)  projections or analyses;
>
> (i)  studies or analyses by internal or outside experts, attorneys or consultants;
>
> (j)  competitive analyses;
>
> (k)  organizational development and planning;
>
> (l)  marketing plans and strategies;
>
> (m) pricing of goods and services;
>
> (n)  financial, tax, or accounting results or data; or
>
> (o)  any other information for which applicable federal, state or foreign law
>      requires confidential treatment.

2

4.      Nothing in this Order shall be construed to provide less protection to confidential information designated by the parties than the Federal Rules of Civil Procedure or the Local Rules of the Southern District of New York.

5.      The designation by any party of any Discovery Material as "Confidential" shall constitute a representation that such Discovery Material has been reviewed by an attorney for the designating party or a supervised designee and that there is a good faith basis for such designation.

6.      The designation of Discovery Material as "Confidential" Discovery Material for purposes of this Order shall be made in the following manner by the Producing Party:

> (a)      In the case of electronic or paper documents or other materials (apart from depositions or other pre-trial testimony), designation shall be made by affixing the legend "Confidential" to each page containing any Confidential Discovery Material (or, in the event that any documents are produced in native format, by affixing such notice to the slip sheet for such document).

> (b)      In the case of depositions or other pre-trial testimony, designation of the portion of the transcript (including exhibits) which contains Confidential Discovery Material shall be made (i) by a statement to such effect on the record during the proceeding in which the testimony is received, and/or (ii) by written notice served on counsel of record in this Litigation and any court reporter within fifteen (15) days after the receipt of the official transcript of such proceeding, provided that all testimony, exhibits and transcripts of depositions or other testimony shall be treated as

3

"Confidential" before such fifteen (15) day period has expired. The designating party shall direct the court reporter that the confidentiality legend be affixed to the first page and all portions of the original and all copies of the transcript containing any Confidential Discovery Material. The parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court.

(c)      The inadvertent failure to designate Discovery Material as "Confidential" in accordance with Paragraphs 5(a) and (b) herein does not constitute a waiver of such claim and may be corrected by supplemental written notice at any time, with the effect that such Discovery Material will be subject to the protections of this Order from the time it is designated "Confidential."

7.      Other than the Producing Party, no person subject to this Order (including any witness to whom Confidential Discovery Material has been provided pursuant to subparagraph (h) below) shall disclose, summarize, describe, characterize or otherwise communicate or make available Confidential Discovery Material in whole or in part to any other person whomsoever, except to the individuals described in the below subparagraphs. Any disclosure permitted by this paragraph may be made only to the following persons and only to the extent reasonably necessary to prosecute and defend the Litigation:

(a)      the parties to this Litigation and their respective officers, employees or directors;

(b)      counsel who represent parties to this Litigation, and regular or temporary employees and service vendors of such counsel (including outside copying

4

and litigation support services) assisting in the conduct of the Litigation for use in accordance with this Order;

(c)     subject to Paragraph 9, experts or consultants (including their professional staff) assisting counsel for parties to this Litigation;

(d)     the Court and its employees, and any appellate court in this Litigation, pursuant to this Order;

(e)     court reporters employed in connection with this Litigation and their support personnel;

(f)     deposition videographers recording testimony and their support personnel;

(g)     any person indicated on the face of a document or accompanying written correspondence or other documents to be the author, addressee, or a copy recipient (including "bcc" recipient) of the document, or any other person who otherwise is shown to have previously received a copy of the document not in violation of this Order or any other obligation of confidentiality;

(h)     any fact witness who counsel for a party in good faith believes may be called to testify at trial, hearing or deposition in this Litigation or is called to testify at trial, hearing or deposition in this Litigation (and their counsel), during the course of, or in preparation for, depositions or testimony in this Litigation, for use in accordance with this Order, provided such person, prior to disclosure, has been advised of the contents of this Order;

5

       (i)      special masters, mediators or arbitrators appointed by the Court or retained by the parties for settlement purposes or resolution of discovery or other disputes and their staff;

       (j)      any insurers and reinsurers of the parties to these proceedings, and counsel to such insurers and reinsurers; and

       (k)     any other person upon order of the Court or upon stipulation of the party that designated the Discovery Material as "Confidential."

      8.     Prior to any disclosure of any Confidential Discovery Material to any person referred to in Paragraph 7(h), such person shall be provided by counsel with a copy of this Order and shall, prior to disclosure, be advised of the contents of this Order.

      9.     Confidential Discovery Material may be provided to those identified in Paragraph 7(c) to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of this Litigation, provided that: (i) the retaining party believes in good faith, following reasonable inquiry, that such expert or consultant is not otherwise currently an employee of, or advising or discussing employment with, or consultant to, any party to or any person known or reasonably believed to be a competitor of any party to this Litigation; (ii) such expert or consultant is using said Confidential Discovery Material solely in connection with this Litigation; (iii) any report created by such expert or consultant relying on or incorporating Confidential Discovery Material in whole or in part shall be designated as "Confidential" by the party responsible for its creation; and (iv) further provided that such expert or consultant signs an undertaking in the form attached as Exhibit A hereto, agreeing in writing to be bound by the terms and conditions of this Order and agreeing

6

not to disclose or use any Confidential Discovery Material in a manner or for purposes other than those permitted herein.

10. Counsel for the party showing or disclosing Confidential Discovery Material to any person required to execute an undertaking pursuant to Paragraph 9 shall be responsible for obtaining such signed undertaking and retaining an executed copy thereof, provided that witnesses to whom Confidential Discovery Material is first disclosed at deposition or trial need not be required to sign a copy of Exhibit A in order to be bound by the terms thereof.

11. When serving subpoenas on non-parties to this Litigation, a copy of this Order (including Exhibit A) shall be included with the subpoena, which subpoena shall incorporate the terms of this Order, regardless of whether such subpoena expressly provides as such.

12. In the event a non-party has produced information in response to a subpoena or request, any party receiving such information from the non-party shall ensure that all other parties promptly receive copies of the non-party's production, or in the case of voluminous material or other exceptional circumstances, the party receiving such information from the non-party shall promptly notify all other parties of its receipt of such production and shall provide copies of the non-party production to all other parties as soon as practicable or as agreed by the parties.

13. Confidential Discovery Material filed with the Court, and portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. Any party may challenge such sealing in accordance with applicable law.

7

14.     All pleadings, briefs or memoranda which reproduce, paraphrase or disclose any documents which have been designated as Confidential Discovery Material shall identify such documents by the production number ascribed to them at the time of production.

15.     Notwithstanding any other provision of this Order, a recipient of Confidential Discovery Material may, at any time, notify the Producing Party and all other parties to the Litigation that the recipient does not concur in the designation of a document or other material as Confidential Discovery Material. The objecting party must notify the Producing Party in writing of that objection, and counsel for the Producing Party and the objecting party shall meet and confer in an effort to resolve any disagreement regarding the Producing Party's designation of the Discovery Material as Confidential. If they are unable to resolve any dispute about the proper designation of such Discovery Material, counsel for all affected persons will address their dispute to the Court to obtain a ruling. If no request to de-designate documents is made to the Court, such documents or materials shall continue to be treated as Confidential Discovery Material. If such request to the Court is made, the documents or other materials shall maintain their status as Confidential Discovery Material, in accordance with the Producing Party's designation, unless and until the Court rules otherwise. Pursuant to such ruling, the Producing Party shall provide to each other party replacement versions of such Discovery Material that reflects the de-designation within three (3) business days of agreement upon such designation or resolution by the Court of any dispute, provided that the Court does not require the Producing Party to provide replacement versions of such Discovery Material earlier. In the case of voluminous material or other exceptional circumstances, and provided that the Court does not require the Producing Party to provide replacement versions of such Discovery Material earlier, the parties shall meet and confer concerning an acceptable date of production. Public disclosure

8

of information designated as Confidential Discovery Material, not in violation of this Order, may provide a basis for de-designation through the process set out herein.

16.     Entering into, agreeing to and/or producing or receiving Confidential Discovery Material or otherwise complying with the terms of this Order shall not:

> (a)     operate as an admission by any party that any particular Confidential Discovery Material contains or reflects the type of information that might warrant designation as Confidential Discovery Material under the terms of this Order;
>
> (b)     prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Discovery Material;
>
> (c)     prejudice in any way the rights of any party to object to the production of any document requested on confidentiality, relevance or any other grounds;
>
> (d)     constitute a waiver of the right to object to the authenticity or admissibility of any document subject to this Order;
>
> (e)     prejudice in any way the rights of a party to obtain a determination by the Court whether any Discovery Material is, should be, or should not continue to be, subject to the terms of this Order;
>
> (f)     prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information; or

9

(g)     prevent the parties from agreeing to alter or waive the provisions or
protections provided for herein with respect to any particular Discovery
Material.

17.     Each party must promptly advise the Producing Party through counsel of any
losses, or compromises of the confidentiality, of the Confidential Discovery Material governed
by this Order. If any person receiving documents covered by this Order (the "Receiver") learns
that, by inadvertence or otherwise, it has disclosed Confidential Discovery Material to any
person or in any circumstance not authorized under this Order, the Receiver must, as soon as
practicable, but in any event, not longer than three (3) business days after discovery by the
Receiver, (a) notify counsel of record for the party who provided the documents to the Receiver
of the unauthorized disclosures, (b) make reasonable efforts to retrieve all copies of the
Confidential Discovery Material, (c) inform the person or persons to whom unauthorized
disclosures were made of all the terms of this Order, and (d) request such person or persons to
execute Exhibit A.

18.     This Order has no effect upon, and shall not apply to, any party's use of its own
Confidential Discovery Material for any purpose.

19.     If a Producing Party inadvertently discloses information in the context of this
Litigation that the Producing Party believes in good faith is subject to a claim of attorney-client
privilege, attorney work product protection, or any other ground upon which production of such
information may be lawfully withheld from any party ("Inadvertently Disclosed Information"),
such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege
or work product protection with respect to the Inadvertently Disclosed Information and its

10

subject matter. The treatment of Inadvertently Disclosed Information shall be governed by Federal Rule of Evidence 502(b) and Federal Rule of Civil Procedure 26(b)(5)(B).

20.     In the event additional parties join or are joined in this Litigation, the newly-joined parties shall not have access to Confidential Discovery Material until their counsel has executed and, at the request of any party, filed with the Court their agreement to be fully bound by this Order.

21.     The provisions of this Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of this Litigation, including without limitation any appeals therefrom, subject to the rules of any appellate court which may override this Order in any or all respects. Within sixty (60) business days after receiving notice of the entry of an order, judgment or decree finally disposing of all litigation in which Confidential Discovery Material is used, including the exhaustion of all possible appeals and other review, each person having received Confidential Discovery Material shall: (i) return such material and all copies thereof to counsel for the Producing Party, upon the request of the Producing Party; or (ii) destroy all such Confidential Discovery Material. Outside counsel for the parties shall be entitled to retain court papers, correspondence, pleadings, deposition transcripts, trial transcripts, expert reports, exhibits and any attorney work product which includes reference to Confidential Discovery Material. All Discovery Material returned to the parties or their counsel by the Court and all Discovery Material in the possession of outside copying and litigation support services likewise shall be disposed of in accordance with this Paragraph.

22.     Counsel for the parties shall confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any documents, information and

11

transcripts used in the course of any court proceedings. If counsel for the parties cannot agree on an approach, the matter shall be presented to the Court for disposition.

23. If a Receiver is subpoenaed in another action or proceeding or served with a document demand, and such subpoena or document demand seeks Discovery Material which was produced or designated as "Confidential" by someone other than the Receiver, the Receiver shall (i) give written notice (and include with that notice a copy of the subpoena or request) by hand, overnight delivery, facsimile transmission or e-mail promptly, and in no event later than three (3) business days after receipt of such subpoena or document demand, to those who produced or designated as "Confidential" the material and, (ii) except as ordered otherwise by a court of competent jurisdiction, refrain from producing any Discovery Material that has been designated "Confidential" in response to such a subpoena or document demand until the earlier of (x) receipt of written notice from the Producing Party that such party does not object to production of the designated Discovery Material or (y) resolution of any objection asserted by the Producing Party, either by agreement or by order of the court with jurisdiction over the objection of the Producing Party. The burden of opposing the enforcement of the subpoena shall fall solely upon the Producing Party. Notwithstanding the foregoing, unless the Producing Party submits a timely written objection seeking an order that the subpoena not be complied with, and serves such objection upon the Receiver by hand, overnight delivery, facsimile transmission or e-mail prior to the production pursuant to the subpoena, the Receiver shall be permitted to produce documents responsive to the subpoena on the subpoena response date. Compliance by the Receiver with any order directing production pursuant to the subpoena of any Confidential Discovery Material shall not constitute a violation of this Order. Nothing herein shall be construed as requiring the Receiver or anyone else covered by this Order to challenge or appeal

12

any order directing production of Confidential Discovery Material covered by this Order, or to subject himself or itself to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court.

24. Any party may designate as Confidential any Discovery Materials that contain Confidential Discovery Material produced by another party or non-party, provided that such Discovery Materials contain the designating party's own confidential information, in either original or summarized form. Any such designation of a document shall be made promptly after the date of its production to the designating party, unless good cause is shown for a later designation. Such designations shall be accomplished by providing written notice to all parties identifying (by production number, transcript line and page number, or other individually identifiable information) the document, testimony or other information so designated.

25. Confidential Discovery Material that the Producing Party has produced, whether voluntarily, under subpoena or otherwise, to any regulator (including any division of any federal, state or local government in the U.S. or abroad, any division of any foreign government, or any industry self-governing, licensing or insuring entity), or that is subsequently produced by the Producing Party to any such regulator, shall nonetheless continue to be subject to this Order and shall not cease to be Confidential Discovery Material regardless of whether such regulator made or makes such Confidential Discovery Material available to one or more third parties. Notwithstanding the foregoing, the Receiver may challenge the continued confidentiality of such Confidential Discovery Material, on the ground that it was produced to a regulator or other third party or for any other reason, pursuant to the procedures set forth in Paragraph 15.

26. This Order applies to all Discovery Material produced in this Litigation, whether produced before or after the entry of this Order and whether produced by a party or non-party to

13

the Litigation. This Order may be enforced by any party or non-party to the Litigation by application to the Court, and references to "party" or "parties" herein shall include any producing or designating party or non-party regardless of whether such Producing Party is a party to the Litigation.

27.     Except as expressly set forth herein, this Order may be modified only by further agreement of all parties hereto in writing or by order of the Court, and is without prejudice to the rights of any party to seek modification of this Order by application to the Court.

28.     Nothing in this Order shall preclude any party from seeking judicial relief with regard to any provision hereof.

Dated: ___october 26___, 2017

ROBBINS GELLER RUDMAN
& DOWD LLP

By: _____

Samuel H. Rudman
Joseph Russello
Alan I. Ellman
Michael G. Capeci
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: (631) 367-7100
Facsimile: (631) 367-1173
srudman@rgrdlaw.com
jrussello@rgrdlaw.com
aellman@rgrdlaw.com
mcapeci@rgrdlaw.com

*Lead Counsel for Plaintiffs*

Dated: ___Oct. 26___, 2017

SULLIVAN & CROMWELL LLP

By: _____

Karen Patton Seymour
Thomas W. Walsh
Lois T. Saldana
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
seymourk@sullcrom.com
walsht@sullcrom.com
saldanal@sullcrom.com

Brendan P. Cullen (*admitted pro hac vice*)
1870 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 461-5600
Facsimile: (650) 461-5700
cullenb@sullcrom.com

*Counsel for Defendants*
*BHP Billiton Ltd. and BHP Billiton p.l.c.*

SO ORDERED

Date: *October 30, 2017*

_____
The Honorable Naomi Reice Buchwald
United States District Judge

15

## EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x
                    :  Civil Action No. 1:16-cv-01445-NRB
                    :
IN RE BHP BILLITON LIMITED    :  <u>CLASS ACTION</u>
SECURITIES LITIGATION         :
                    :
————————————————————  :
                    :
This Document Relates To: All Actions  :
                    :
———————————————————— x

I, _____, state that:

1.    My address is _____.

2.    My present employer is _____.

3.    My present occupation or job description is _____

_____.

4.    I have received a copy of the Stipulation and Order of Confidentiality (the "Order") executed in the above-captioned action (the "Litigation").

5.    I have read and understand the provisions of the Order.

6.    I will comply with the provisions of the Order.

7.    I will hold in confidence, will not disclose to anyone not qualified under the Order, and will use only for purposes of this Litigation, any Confidential Discovery Information (as defined in the Order) that is disclosed to me.

8.    In accordance with the terms of the Order, I will destroy or, upon request, return to counsel for the party by whom I am employed or retained, all Confidential Discovery Information that comes into my possession.

9. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Order in this Litigation.

Dated: _____        _____

2